**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DELAWARE**

| | |
|---|---|
| BIZY, LLC,<br><br>                      Plaintiff,<br>v.<br><br>BEEZY INC.,<br><br>                      Defendant. | C.A. No.<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

Plaintiff, by its attorneys, for its Complaint against the defendant, alleges:

**PRELIMINARY STATEMENT**

1. This is an action for infringement of Plaintiff's federally registered trademark under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), for deceptive trade practices and unfair competition under the Delaware Code §2532 (hereinafter "6 Del.C. §_____"), for dilution of a distinctive mark under 6 Del.C. § 3313, and for common law trademark infringement as allowed pursuant to 6 Del.C. § 3315.

2. Plaintiff seeks injunctive and monetary relief.

**JURISDICTION AND VENUE**

3. This action arises under the Trademark Laws of the United States, 15 U.S.C. § 1051 *et. seq.*, various Delaware Code sections, including, but not limited to, §§ 2532, 3313 and 3315, and under the common law.

4. Jurisdiction of the subject matter of this action is conferred on this Court by 28 U.S.C. §§1331 and 1338(a) and (b), 28 U.S.C. §1367, and under the Trademark Laws of the United States at 15 U.S.C. §1121.

5.       Jurisdiction over defendant is proper in this judicial district based upon defendant being a corporation organized and existing under the laws of the State of Delaware, and under Delaware's long arm statute, 6 Del.C. § 3104.

6.       Upon information and belief, defendant transacts business within this district, contracts to supply services or things within this district, causes tortious injury in this district by an act or omission in this district, derives substantial revenue from intra-state and interstate commerce, and has committed tortuous acts within this district and also without this district having injurious consequences within this district where defendant regularly does or solicits business, engages in any other persistent course of conduct in this district or derives substantial revenue from services, or things used or consumed in this district.

7.       Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c).

## THE PARTIES

8.       Plaintiff, Bizy, LLC (hereinafter "plaintiff" or "Bizy"), is a limited liability company organized and existing under the laws of the State of Delaware, with an office and principal, regular and established place of business at 3000 K Street, NW, Suite 275, Washington, DC 20007.

9.       Upon information and belief, defendant, Beezy Inc. (hereinafter "defendant" or "Beezy"), is a corporation organized and existing under the laws of the State of Delaware, with offices and principal, regular and established places of business at 548 Market Street, #76279, San Francisco, CA 94104 and at 5005 Lyndon B Johnson Fwy, #1100, Dallas, TX 75244.

## BACKGROUND FACTS

10.       Bizy is the owner of U.S. Trademark Registration No. 5,386,816 for the mark BIZY in standard characters, for "Downloadable computer software, namely, collaboration

software for sharing data and information between users engaged in the conception, facilitation, evaluation and execution of ideas, knowledge, processes and procedures," in Class 9, and for "Providing temporary use of non-downloadable software, namely, collaboration software for sharing data and information between users engaged in the conception, facilitation, evaluation and execution of ideas, knowledge, processes and procedures," in Class 42 ("the BIZY registration").

11. The BIZY registration issued on the Principal Register of the United States Patent and Trademark Office ("USPTO") on January 23, 2018 from application Serial No. 85/820,895 filed on January 11, 2013. A copy of the BIZY registration is attached as Exhibit A hereto.

12. Bizy commenced selling its goods and providing its services in US commerce under the BIZY mark at least as early as October 25, 2017.

13. Bizy's constructive use rights, conferring a nationwide right of priority under the BIZY registration, commenced on, and as of, the filing date of the application that matured into the BIZY registration, namely, on, and as of, January 11, 2013 ("Bizy's priority date"). 15 U.S.C. § 1057(c)

14. Upon information and belief, Beezy offers for sale and sells computer software and/or mobile phone application software, and also provides computer platform services to businesses, which software/platform allows the businesses' employees to collaborate and work together on projects. Beezy offers these goods and services under the mark BEEZY.

15. Examples of the BEEZY goods/services can be seen at www.beezy.net, including but not limited to, at www.beezy.net/collaboration:



16.     Beezy filed a trademark application with the USPTO on September 17, 2020 for the mark BEEZY, which application was assigned Serial No. 90/188,836 by the USPTO ("the BEEZY application").

17.     The BEEZY application covers the following goods and services: "Downloadable computer software for facilitating business, community, workplace, and enterprise social networking, communication, and collaboration all of the foregoing, for use by employees on an internal computer network within an organization," in Class 9, "Communication services, namely, electronic transmission of data, documents, and voice, text, audio, and visual data among users of a computer network; chatroom services for social networking and collaboration within workplaces and enterprises; providing access to databases all of the foregoing, for use by employees on an internal computer network within an organization", in Class 38, and "Platform as a Service (PaaS) services featuring computer software platforms for registered users to participate in discussion, get feedback from peers and colleagues, form virtual communities, engage in social networking, communicate and collaborate within an enterprise and workplace; Platform as a Service (PaaS) services featuring computer software platforms that gives users the ability to communicate and collaborate to review various print, photographic, graphic image, and audio and video content and

4

utilize a custom software platform to provide input, edits, opinions, suggestions, comments, and engage in social, business, community, workplace, and enterprise networking; Platform as a Service (PaaS) services featuring an interactive computer software platforms featuring technology that allows users to consolidate, manage, and participate in social, business, community, workplace, and enterprise networks, accounts, and connections; Platform as a Service (PaaS) services featuring members-only computer software platforms and website featuring technology which provides users with the ability to access enterprise databases for the purpose of enterprise, business, workplace, and community social networking, communications, and increasing workplace productivity, efficiency, intelligence, and effectiveness; consulting in the field of configuration management for computer software and computer networks for enterprises and workplaces all of the foregoing, for use by employees on an internal computer network within an organization," in Class 42 (the "BEEZY goods/services").

18. The BEEZY application claims first use, and first use in US commerce, on, and as of, December 31, 2014.

19. Upon information and belief, Beezy knew, or reasonably should have known, of Bizy's prior rights in the BIZY mark, at least from Bizy's priority date.

20. Beezy's adoption and use of the substantially identical mark, BEEZY, for its substantially identical, or actually identical, BEEZY goods/services, to be provided to the same customers, and marketed in the same channels of trade as are Bizy's goods/services under the BIZY mark, will cause, and may in fact have already caused, a likelihood of consumer confusion, mistake, and/or deception.

21. The BEEZY application will be published for opposition purposes by the USPTO on February 28, 2023, and Bizy will be opposing the same.

22. Bizy's priority date (January 11, 2013) is long before any constructive (September 17, 2020) or alleged, actual (December 31, 2014) use date of the BEEZY mark by Beezy.

### FIRST CAUSE OF ACTION
### TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114
### U.S. TRADEMARK REG. NO. 5,386,816

23. Bizy repeats and re-alleges paragraphs 1-22 hereof, as if fully set forth herein.

24. The BIZY registration, mark and goodwill in the BIZY mark, are extremely valuable assets of Bizy.

25. Beezy's adoption and use of the BEEZY mark almost two (2) years after Bizy's priority date, was and, since continuing, still is likely to cause consumers to be confused, mistaken, or deceived as to the origin, source, sponsorship, or affiliation of the BEEZY goods/services, and is likely to cause consumers to believe, contrary to fact, that the BEEZY goods/services are sold, provided, authorized, endorsed, or sponsored by Bizy, or that Beezy is in some way affiliated with or sponsored by Bizy. Beezy's conduct therefore constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

26. Upon information and belief, such adoption and use of the BEEZY mark long after Bizy's priority date, and/or if continuing after notice of this proceeding, constitutes willful and exceptional infringement of Bizy's rights in the BIZY mark. All of BEEZY's activities were, and are, not only in violation of the rights of Bizy under the Trademark Laws of the United States, 15 U.S.C. Sec. 1051 *et. seq.*, but were expressly undertaken by BEEZY knowing them to be wrongful and in violation of Bizy's valuable rights and goodwill, and are continuing with Beezy's knowledge that their activities are wrongful and in violation of Bizy's valuable rights and goodwill.

27. Beezy's conduct is causing irreparable harm and injury to Bizy and Bizy's goodwill and reputation in the BIZY mark, and will continue to both damage Bizy and confuse the

consuming public unless enjoined by this court.  Bizy has no adequate remedy at law.

28. Bizy is entitled to, among other relief, injunctive relief and an award of actual damages, defendant's profits, enhanced damages and profits for willful infringement, reasonable attorneys' fees due to the exceptional nature of Beezy's infringement, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## SECOND CAUSE OF ACTION
## FEDERAL UNFAIR COMPETITION UNDER 15 U.S.C. § 1125(A)

29. Bizy repeats and re-alleges paragraphs 1-28 hereof, as if fully set forth herein.

30. Beezy's unauthorized use in commerce of the infringing BEEZY mark as alleged herein is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Beezy with Bizy, or as to the origin, sponsorship, or approval of Beezy's goods/services, or as to the commercial activities of Bizy, such that consumers are likely to believe, contrary to fact, that Beezy's goods/services are sold, provided, authorized, endorsed, or sponsored by Bizy, or that defendant is in some way affiliated with or sponsored by Bizy.

31. Beezy's unauthorized use in commerce of its infringing mark as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

32. Upon information and belief, defendant's conduct as alleged herein is willful and is intended to, and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of defendant with Bizy.

33. Beezy's conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

34. Beezy's conduct is causing irreparable harm and injury to Bizy and Bizy's goodwill and reputation in the BIZY mark and will continue to both damage Bizy and confuse the consuming public unless enjoined by this court. Bizy has no adequate remedy at law.

35. Bizy is entitled to, among other relief, injunctive relief and an award of actual damages, defendant's profits, enhanced damages and profits for willful infringement, reasonable attorneys' fees due to the exceptional nature of Beezy's infringement, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

### THIRD CAUSE OF ACTION
### DECEPTIVE TRADE PRACTICES AND UNFAIR COMPETITION - 6 Del.C. § 2532

36. Bizy repeats and re-alleges paragraphs 1-35 hereof, as if fully set forth herein.

37. Beezy's unauthorized use in commerce of the infringing BEEZY mark as alleged herein is likely to cause confusion or misunderstanding as to the source, sponsorship, or approval of Beezy's goods/services, and/or as to the affiliation, connection, or association of Beezy with Bizy, such that consumers are likely to believe, contrary to fact, that Beezy's goods/services are sold, provided, authorized, endorsed, or sponsored by Bizy, or that defendant is in some way affiliated or connected or associated with or sponsored by Bizy.

38. Beezy's unauthorized use in commerce of its infringing mark as alleged herein constitutes deceptive trade practices and unfair competition in violation of 6 Del.C. § 2532.

39. Beezy's conduct is causing irreparable harm and injury to Bizy and Bizy's goodwill and reputation in the BIZY mark and will continue to both damage Bizy and confuse the consuming public unless enjoined by this court. Bizy has no adequate remedy at law.

40. Bizy is entitled to, among other relief, injunctive relief and an award of actual damages, defendant's profits, treble damages and profits, and reasonable attorneys' fees and costs

due to the exceptional and willful nature of Beezy's infringement under 6 Del.C. § 2533, together with prejudgment and post-judgment interest.

## FOURTH CAUSE OF ACTION
## INJURY TO BUSINESS REPUTATION; DILUTION UNDER 6 Del.C. § 3313

41. Bizy repeats and re-alleges paragraphs 1-40 hereof, as if fully set forth herein.

42. Beezy's unauthorized use of the BEEZY mark as alleged herein has caused, and will continue to cause, injury to Bizy's business reputation and dilution by blurring of the BIZY mark in violation of 6 Del.C. § 3313, unless enjoined by this court. Bizy has no adequate remedy at law.

43. Bizy is entitled to, among other relief, injunctive relief and an award of actual damages, defendant's profits, treble damages and profits, and reasonable attorneys' fees and costs due to the exceptional and willful nature of Beezy's violative acts under 6 Del.C. § 3313, together with prejudgment and post-judgment interest.

## FIFTH CAUSE OF ACTION
## COMMON LAW TRADEMARK INFRINGEMENT PURSUANT TO 6 Del.C. § 3315

44. Bizy repeats and re-alleges paragraphs 1-43 hereof, as if fully set forth herein.

45. Beezy's adoption and use of the BEEZY mark was and, since continuing, still is likely to cause consumers to be confused, mistaken, or deceived as to the origin, source, sponsorship, or affiliation of the BEEZY goods/services, and is likely to cause consumers to believe, contrary to fact, that the BEEZY goods/services are sold, provided, authorized, endorsed, or sponsored by Bizy, or that Beezy is in some way affiliated with or sponsored by Bizy. Beezy's conduct therefore constitutes trademark infringement under the common law of Delaware.

46. Upon information and belief, such adoption and use of the BEEZY mark long after Bizy's priority date, and/or if continuing after notice of this proceeding, constitutes willful and

exceptional infringement of Bizy's rights in the BIZY mark.  All of BEEZY's activities were, and are, not only in violation of the rights of Bizy under the common law of Delaware but were expressly undertaken by BEEZY knowing them to be wrongful and in violation of Bizy's valuable rights and goodwill, and are continuing with Beezy's knowledge that their activities are wrongful and in violation of Bizy's valuable rights and goodwill.

47. Beezy's conduct is causing irreparable harm and injury to Bizy and Bizy's goodwill and reputation in the BIZY mark and will continue to both damage Bizy and confuse the consuming public unless enjoined by this court.  Bizy has no adequate remedy at law.

48. Bizy is entitled to, among other relief, injunctive relief and an award of actual damages, defendant's profits, enhanced damages and profits for willful infringement, reasonable attorneys' fees, and costs of the action under, together with prejudgment and post-judgment interest.

## JURY DEMAND

49. Bizy hereby demands trial by jury.

**WHEREFORE**, Bizy demands that:

A. Defendant, their employees, agents, servants, related companies and all parties in privity with them, or any of them (hereinafter "defendant and defendants' related companies"), be enjoined permanently from:

1. Operating a business under, or otherwise displaying, promoting, advertising, selling or offering for sale, services and/or goods under defendant's infringing BEEZY mark, or any other name confusingly similar to, or likely to be confused with, the BIZY mark;

2. Injuring Bizy's business reputation or diluting the distinctive quality of Bizy's trademark rights in the BIZY mark;

3. Infringing, contributorily infringing and/or inducing the infringement of Bizy's trademark rights by advertising or offering for sale or selling any goods or services under defendant's infringing BEEZY mark, or any other name confusingly similar to, or likely to be confused with, the BIZY mark;

4. Passing off or otherwise representing to the trade or public in any way that any services and/or goods sold, offered or provided by defendant and/or defendant's related companies emanate from or are related in source or sponsorship to Bizy; and

5. Engaging in deceptive trade practices or unfair competition in the conduct of defendant and defendant's related companies' businesses by means of advertising, offering for sale or selling any goods or services under defendant's BEEZY mark, or any other name confusingly similar to, or likely to be confused with, the BIZY mark.

B. Defendant and defendant's related companies be required to deliver up for destruction all items bearing defendant's infringing mark.

C. Declaring and adjudging that Defendant has been unjustly enriched by its acts of trademark infringement, unfair competition, misappropriation, unjust enrichment, palming off, dilution, injury to business reputation, and deceptive trade practices and Bizy is entitled to an accounting of actual damages, defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action.

D. Declaring and adjudging that Defendant's acts of infringement are "exceptional" and/or willful acts committed with knowledge and/or in bad faith, and that Bizy be awarded its attorneys' fees and costs in having to bring and prosecute this action and that any federal damages awarded be trebled under at least 15 U.S.C. §1117.

  E. Awarding Bizy its costs of this action, and Bizy's attorneys' fees, as the Court may allow.

  F. Granting Bizy such other and further relief as the Court may deem just.

Dated: March 22, 2023

              **SMITH KATZENSTEIN & JENKINS LLP**

              */s/ Neal C. Belgam*
              Neal C. Belgam (No. 2721)
              1000 West Street, Suite 1501
              Wilmington, DE 19801
              (302) 652-8400
              nbelgam@skjlaw.com

              *Attorney for Plaintiff Bizy, LLC*

OF COUNSEL:

Michael R. Gilman
**KAPLAN BREYER SCHWARZ, LLP**
600 Third Ave., 2nd Floor
New York, NY 10016
(732) 578-0103, ext. 233
mgilman@kbsiplaw.com

Jeffrey I. Kaplan
**KAPLAN BREYER SCHWARZ, LLP**
90 Matawan Road, Suite 201
Matawan, NJ, 07747
(732) 578-0103, ext. 231
jkaplan@kbsiplaw.com